# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MORGAN HOLT, On Behalf of Herself and All Others Similarly Situated, | ) ) COLLECTIVE ACTION ) |
| Plaintiff, | ) CASE NO. _____ |
| v. | ) ) JUDGE _____ |
| SOUTHEAST RESTAURANT GROUP-MAIN, LLC | ) ) JURY DEMAND |
| Defendant. | ) |

## COLLECTIVE ACTION COMPLAINT

1. Plaintiff Morgan Holt ("Plaintiff") brings this action against Defendant Southeast Restaurant Group-Main, LLC ("Defendant") to recover unpaid minimum and overtime wages, liquidated damages, attorneys' fees, and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Plaintiff asserts these FLSA claims as a collective action on behalf of herself and all similarly situated individuals, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

2. Defendant has owned and operated TGI Fridays restaurants in the Nashville, Tennessee area, all within this judicial district. These restaurants include TGI Fridays at the Opry Mills Mall in Nashville, one in Madison, one in Murfreesboro, and one in Cool Springs. In these TGI Fridays restaurants, during the period covered by this lawsuit, Defendant employed dozens of servers and bartenders who were paid a tipped hourly rate lower than the minimum wage of $7.25 per hour. Plaintiff asserts that Defendant improperly paid this lower tipped hourly rate to servers and bartenders by (1) failing to ensure that these employees were paid a minimum of $7.25 an hour when their earned tips were not sufficient to meet that minimum wage; (2) requiring these

employees to spend more than 20% of each shift performing non-tip-producing work tasks at the lower tipped hourly rate; and (3) deducting these employees' pay as a result of customers failing to pay their bills.

## I. JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's claims under the FLSA because they are brought pursuant to 29 U.S.C. § 216(b) and because they raise a federal question pursuant to 28 U.S.C. § 1331.

4. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant conducts business in this judicial district and because the claims arose in this judicial district.

## II. PARTIES

**A.  Plaintiff**

5. Plaintiff Morgan Holt is over the age of nineteen (19) and is a resident of Nashville, Davidson County, Tennessee. Plaintiff Holt was employed by Defendant as a server and bartender at its Madison, Tennessee TGI Fridays from approximately December 2015 to July 2019.

**B.  Defendant**

6. Defendant is a Louisiana limited liability company doing business within this judicial district. Specifically, Defendant owned and operated restaurants and bars in Nashville, Tennessee and is headquartered at 1201 Canal Street, Suite C2, New Orleans, LA 70112.

7. Defendant employed individuals who are engaged in interstate commerce and/or in the production of goods for interstate commerce.

8. Defendant has at all relevant times been an employer within the meaning of the FLSA.

## III. FACTS

9. Plaintiff and those she seeks to represent in this action were employed as servers and bartenders for Defendant's TGI Fridays restaurants in Middle Tennessee.

10. Defendant paid Plaintiff and other servers and bartenders at its TGI Fridays an hourly wage below $7.25. For example, Defendant paid Plaintiff $2.13 per hour.

11. In seeking to comply with the FLSA mandate that employees receive a minimum wage of $7.25 per hour, Defendant purported to utilize a "tip credit" for each hour worked by Plaintiff and other servers and bartenders at TGI Fridays. *See* 29 U.S.C. § 203(m). For example, the "tip credit" for Plaintiff was $5.12 for each hour worked.

12. On a regular basis, Plaintiff and those other servers and bartenders she seeks to represent would not earn enough in tips from customers to result in their earning $7.25 per hour for all hours worked. Instead of paying Plaintiff and those she seeks to represent an additional amount above the $2.13 per hour it paid them, Defendant took no steps to ensure its servers and bartenders earned the statutory minimum wage.

13. Defendant required Plaintiff and other servers and bartenders to spend well more than 20% of their time performing non-tip-producing work tasks while being paid the lower tipped hourly rate. Such non-tip-producing work included, but was not limited to, cleaning the ice machine, cleaning tables, cutting lemons, stocking condiments and other food supplies, prepping the tea and coffee machines, sweeping, vacuuming, cutting fruit, stocking drink mixers, and stacking dishes. Indeed, a common motto or refrain relayed by management to Defendant's servers and bartenders was that "if you have time to lean, you have time to clean."

14. Defendant also required bartenders to spend significant time each day handling "to go" orders that were submitted by customers via third-party services, such as Uber Eats and Door

Dash. Bartenders were required to retrieve such orders that were submitted electronically by these services, and then submit them manually through Defendant's customer ordering system. Then, once Defendant's kitchen prepared the food that was ordered, bartenders would prepare the order in a takeout container. Once the delivery person arrived at Defendant's restaurant, bartenders were responsible for providing the order to the delivery person. Customers were unable to tip the bartenders for this work, and only the delivery person (who was not employed by Defendant) would receive any customer tip associated with these orders.

15. Defendant required Plaintiff and other servers and bartenders to perform these and other non-tip-producing work tasks at the beginning of their shifts prior to beginning their tip-producing tasks, throughout their shifts, and at the end of their shifts after finishing their tip-producing tasks.

16. On a routine basis, customers would "walk out" of Defendant's restaurants without paying. Defendant's policy and practice was to deduct the amount the customer failed to pay Defendant for food and beverages from the server's or bartender's pay. This deduction often resulted in the servers and bartenders earning less than minimum wage.

## IV. COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff asserts her FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following individuals:

> All current and former servers and bartenders employed by Defendant's TGI Fridays locations in Tennessee at any time since February 20, 2020.

18. Plaintiff's claims should proceed as a collective action because Plaintiff and other similarly situated servers and bartenders, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

# V. CAUSES OF ACTION

## VIOLATION OF THE MINIMUM AND OVERTIME WAGE REQUIREMENTS OF THE FLSA

19. All previous paragraphs are incorporated as though fully set forth herein.

20. Plaintiff asserts her claim on behalf of herself and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

21. Plaintiff and similarly situated servers and bartenders are employees of Defendant entitled to the FLSA's protections.

22. Defendant is an employer covered by the FLSA.

23. The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked. 29 U.S.C § 206(a).

24. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for hours over 40 in a workweek. 29 U.S.C. § 207.

25. While restaurants may utilize a "tip credit" to satisfy their minimum wage obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m) and 203(t).

26. Employers may take a tip credit and pay tipped employees a lower tipped hourly rate so long as employees receive proper notice of the tip credit and receive $10.88 per hour—*i.e.*, one and one-half times the full $7.25 per hour statutory minimum wage for every hour worked. *See* 29 U.S.C. § 203(m).

27. Restaurants forfeit the tip credit when they fail to ensure that their tipped employees—such as TGI Friday's servers and bartenders—earn $7.25 per hour when they do not earn a sufficient amount in tips to meet that statutory minimum wage 29 U.S.C. § 203(m).

28. Restaurants may only take the tip credit for employees in an occupation in which the employee qualifies as a "tipped employee." 29 U.S.C. § 203(m). Federal courts interpreting this statutory language also hold that restaurants lose their right to utilize a "tip credit" when their tipped employees—such as TGI Friday's servers and bartenders—spend more than 20% of their shift performing non-tip-producing work.

29. By requiring Plaintiff and similarly situated servers and bartenders to spend more than 20% of their shift performing non-tip-producing work, Defendant has forfeited its right to utilize the "tip credit" in satisfying their minimum wage obligations to Plaintiff and similarly situated servers and bartenders. As such, Defendant has violated the FLSA's minimum and overtime wage mandate by paying Plaintiff and similarly situated servers and bartenders an hourly wage below $7.25 for regular hours worked and below $10.88 for hours over forty (40) in a workweek.

30. By deducting the amount of money Defendant lost in sales from customers from its servers' and bartenders' pay, Defendant has forfeited its right to utilize the "tip credit" in satisfying their minimum wage obligations to Plaintiff and similarly situated servers and bartenders.

31. In violating the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of herself and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice of this litigation, pursuant to 29 U.S.C. § 216(b), to all similarly situated employees;

C. A finding that Defendant has violated the FLSA;

D. A finding that Defendant's FLSA violations are willful;

E. A judgment against Defendant and in favor of Plaintiff and all similarly situated employees for compensation for all unpaid and underpaid wages that Defendant has failed and refused to pay in violation of the FLSA;

F. Prejudgment interest to the fullest extent permitted under the law;

G. Liquidated damages to the fullest extent permitted under the FLSA;

H. Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA and the Federal Rules of Civil Procedure; and,

I. Such other and further relief as this Court deems just and proper in equity and under the law.

## VII. JURY DEMAND

Plaintiff demands a jury as to all claims so triable.

Date: February 20, 2020

Respectfully submitted,

/s/ David W. Garrison
**DAVID W. GARRISON (TN Bar No. 24968)**
**JOSHUA A. FRANK (TN Bar No. 33294)**
BARRETT JOHNSTON MARTIN & GARRISON, LLC
PHILIPS PLAZA
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

*Attorneys for Plaintiff*