# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MORGAN HOLT and MORGAN WARD, On Behalf of THEMSELVES and All Others Similarly Situated, | ) ) ) COLLECTIVE ACTION ) |
| *Plaintiffs*, | ) CASE NO. 3:20-cv-00147 ) |
| v. | ) JUDGE TRAUGER ) |
| SOUTHEAST RESTAURANT GROUP-MAIN, L.L.C. and SOUTHEAST RESTAURANT GROUP-TM, L.L.C. | ) JURY DEMAND ) ) ) |
| *Defendants*. | ) |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR UNOPPOSED MOTION FOR APPROVAL OF THE PARTIES' SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

Named Plaintiffs Morgan Holt and Morgan Ward, on behalf of themselves and the Opt-In Plaintiffs in this collective action (collectively "Plaintiffs") submit this brief in support of their Unopposed Motion for Approval of Settlement and Dismissal with Prejudice.

### I. SUMMARY OF CASE AND PROPOSED SETTLEMENT AGREEMENT

Named Plaintiffs Morgan Holt and Morgan Ward brought this action on behalf of themselves and other similarly situated servers and bartenders of TGI Friday's Restaurants owned and operated by Southeast Restaurant Group-Main, LLC and Southeast Restaurant Group-TM, LLC.

This case was filed on February 20, 2020 to challenge Defendants' reliance on the tip credit provision of Section 3(m) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(m), to pay servers and bartenders at its TGI Friday's restaurants in Middle Tennessee, including restaurants in Madison, Murfreesboro, Franklin, and at the Opry Mills mall in Nashville. After negotiation of

1

the parties, Defendants agreed to notice and, ultimately, eighty (80) Plaintiffs have asserted their wage claims in this action.

Plaintiffs' primary claim in this litigation is that Defendants inappropriately took the FLSA tip credit on regular and overtime hours. Plaintiffs claim that Defendants inappropriately took the tip credit for three basic reasons:

(1) Defendants failed to ensure that their servers and bartenders were paid a minimum of $7.25 per hour when their earned tips were not sufficient to meet that minimum wage;
(2) Defendants required their servers and bartenders to perform non-tip producing work in excess of 20% of their shifts; and
(3) Defendants deducting the pay of their servers and bartenders as a result of customers failing to pay their bills.

Plaintiffs submit that if any of these three factors were proven at trial, that all Plaintiff servers and bartenders who joined this case would be entitled to a $7.25 minimum wage for all hours worked, essentially awarding them back pay of approximately $5.12 for all hours in which they were paid $2.13 as servers and/or bartenders. However, Defendants claimed that, even if Plaintiffs were to prove any of the three circumstances above (all of which it adamantly denied), that Plaintiffs would have to prove damages for each work week when a violation occurred.

The Parties' Settlement Agreement, attached to Plaintiff's Unopposed Motion as <u>Exhibit 1</u>, includes the following salient provisions:

(1) Payments to the Named and Opt-In Plaintiffs for unpaid wages allegedly owed to them under the FLSA, listed in Attachment A to the Settlement Agreement;
(2) Service Payments to Named Plaintiffs Morgan Holt and Moran Ward for their service as Named Plaintiffs of the collective in this action and in exchange for a general release of their claims against Defendant; and,
(3) Payment to Plaintiffs' counsel for their fees and advanced costs incurred in litigating this matter at an amount below the amount of fees and expenses actually incurred by Plaintiffs.

The Parties represent that the terms of their Agreement represent a fair and reasonable compromise of the claims in this action.

II. **THE PARTIES' SETTLEMENT FOR WAGES, ATTORNEYS' FEES, AND SERVICE PAYMENTS IS FAIR AND REASONABLE AND SHOULD BE APPROVED.**

Courts review settlements under the FLSA to ensure that they are fair and reasonable. *Steele v. Staffmark Investments, LLC*, 172 F. Supp. 3d 1024, 1028 (W.D. Tenn. 2016); *Nutting v. Unilever Mfg. (U.S.) Inc.*, No. 2:14-CV-02239-JPM, 2014 WL 2959481, at *3 (W.D. Tenn. June 13, 2014); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Rampersad v. Certified Installation LLC*, No. 1:12-cv-00032, 2012 WL 5906878, at *1 (E.D. Tenn. Nov. 26, 2012). The standard for approval of an FLSA settlement is lower than for a Rule 23 settlement because an FLSA settlement does not implicate the same due process concerns as does a Rule 23 settlement. *Massiah v. Metroplus Health Plan, Inc.*, No. 11-cv-5669, 2012 WL 5874655, at *5 (E.D.N.Y. Nov. 20, 2012); *Trauth v. Spearmint Rhino Cos. Worldwide*, No. 09-cv-1316, 2012 WL 4755682, at *5 (C.D. Cal. Oct. 5, 2012); *cf. O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009) (standards for certification of an FLSA collective action are less stringent than under Rule 23). This is because, unlike in a Rule 23 class action, there are no absent class members in a 216(b) collective action. Rather, in a 216(b) collective action like this one, each Opt-In Plaintiff has affirmatively consented to join the case as a plaintiff and agreed to be bound by any judgment or settlement reached by the Named Plaintiffs and their counsel.

An FLSA settlement need only reflect a reasonable compromise of contested litigation involving a *bona fide* dispute between the parties. *Crawford v. Lexington-Fayette Urban Cty. Gov't*, No. Civ. A. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008) (citations omitted); *Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 3:11-cv-400, 2012 WL

3

6707008, at *1 (E.D. Tenn. Dec. 26, 2012); *Rampersad*, 2012 WL 5906878, at *1; *Kritzer v. Safelite Solutions, LLC*, No. 2:10-cv-0729, 2012 WL 1945144, at *5 (S.D. Ohio May 30, 2012).

### A. The proposed settlement represents a fair and reasonable compromise of Plaintiffs' claims.

The proposed settlement represents a fair and reasonable compromise of Plaintiffs' claims. The parties have several *bona fide* disputes over the issues in this litigation, including, but not limited to: (i) whether the certification and trial of this case as a collective action is appropriate; (ii) whether Defendants' reliance on the tip credit provision of Section 3(m) of the FLSA, 29 U.S.C. § 203(m), to pay its servers at its TGI Friday's restaurants was appropriate given its pay practices; (iii) the applicable statute of limitations, pursuant to 29 U.S.C. § 255; and (iv) the amount of damages if any. With these issues in mind, the parties engaged in detailed informal discovery focused on the necessary exchange of information to allow each side to assess the strengths and weakness of Plaintiffs' claims. Armed with that information, the parties engaged in mediation that was facilitated by Michael Russell, an experienced mediator in wage and hour collective action litigation. In light of the considerable risk, cost, and uncertainty of continued litigation, the Parties submit that their Settlement Agreement should be approved by the Court as being fair and reasonable.

Importantly, the formula used by the Plaintiffs' counsel to calculate each Opt-In Plaintiffs' damages was the result of informal discovery and reflects a data-driven compromise of the disputed factual issues in the case. The central dispute in this case was whether there were any weeks in which Defendants did appropriately take the tip credit. Assuming Defendants' pay practices violated the tip credit provisions of 29 U.S.C. § 203(m), Defendants took the position that Plaintiffs would have to prove, for each workweek, that Defendant's practices violated the FLSA. Plaintiffs, on the other hand, took the position that the tip credit provision was violated for

4

every workweek. Recognizing the uncertainties and risks inherent in litigation, Plaintiffs and Defendants ultimately reached a compromise that pays the Named and Opt-In Plaintiffs $160,000.00. Based on the pay, time, and tip data provided to Plaintiffs by Defendant, this amount represents approximately fifty percent (50%) of the unpaid wages the Named and Opt-In Plaintiffs could have recovered had they prevailed on their theory that they should receive all unpaid minimum wages in every workweek covered by the applicable statute of limitations for their claims. Defendants' calculation of potential exposure for back wages under all three theories presented by Plaintiffs was considerably less than the compromise amount, further demonstrating the arms-length negotiations and reasonableness of the Settlement Agreement.

Likewise, the other terms of the Settlement Agreement are the product of good-faith, arms-length negotiations during a mediation attended by the Parties and their counsel. For example, Named Plaintiffs Holt and Ward are receiving separate consideration of $2,500.00 as a service payment for their substantial efforts on behalf of the Opt-In Plaintiffs and their assistance to counsel and for the release of any additional claims that they may have raised . Named Plaintiffs Holt and Ward's efforts in this case were substantial. For example, they spoke extensively with counsel during the investigation stage of this case prior to the filing of the initial complaint in this case. *See* Declaration of David Garrison at ¶ 16. Named Plaintiffs also worked to ensure that others with whom they were in contact that had expressed a desire to join with them in this collective action received the necessary information from Plaintiff's counsel to join the case. *Id.* Both Named Plaintiffs Ward and Holt participated in the mediation (Ms. Holt participated in person, while Ms. Ward participated telephonically because she had just given birth), which resulted in the proposed settlement for the Court to consider. *Id.*

5

Under such circumstances, courts routinely approve similar service payments in line with what the settlement agreement here would provide for Named Plaintiffs Holt and Ward. *Johnson v. Midwest Logistics Sys., Ltd.*, No. 2:11-cv-1061, 2013 WL 2295880, at *5 (S.D. Ohio May 24, 2013) (approving service payment of $12,500 to the named plaintiff in FCRA case where class members received either $260 or 1,000 each, finding "that the incentive award does not undermine the fairness of the settlement"); *Dallas v. Alcatel-Lucent USA, Inc.,* No. 09-14596, 2013 WL 2197624, at *11 (E.D. Mich. May 20, 2013) (incentive payments justified where plaintiffs "responded to discovery requests, including document productions; participated in many conferences with Plaintiffs' counsel; and took the risk of joining this litigation at an early stage"); *Brent v. Midland Funding, LLC*, 2011 WL 3862363, at *15 (N.D. Ohio Sept. 1, 2011) (finding incentive payments justified). Named Plaintiffs Holt and Ward's substantial efforts, and the outcome achieved as a result of those efforts, justifies their service payments.

**B.      The proposed settlement provides for a payment of Plaintiffs' attorneys' fees and expenses that is fair and reasonable.**

The settlement of Plaintiffs' attorneys' fees and expenses for $75,000.00 represents a payment based on the lodestar accrued in this litigation.

As part of the Parties' Settlement Agreement, Defendants have agreed to pay a sum, which is roughly equivalent to the fees and expenses incurred by Plaintiffs' counsel during the course of this litigation. The FLSA's fee-shifting language provides that a prevailing plaintiff shall recover reasonable attorneys' fees and litigation costs. 29 U.S.C. § 216(b). "Indeed, an 'award of attorneys' fees under the FLSA is mandatory . . . .'" *Thompson v. United Stone, LLC*, No. 1:14-cv-224, 2015 WL 867988, at *2 (E.D. Tenn. Mar. 2, 2015) (citations omitted). "[T]he purpose of the FLSA attorney fees provision is 'to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances.'" *Fegley v. Higgins*, 19 F.3d 1126,

6

1134 (6th Cir. 1994) (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir.1984)).

The starting point in calculating a "reasonable" attorney fee is typically the determination of the fee applicant's "lodestar," which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonable hourly rate. *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). Here, Plaintiff's counsel's actual fees through the execution of this Agreement, based on the number of hours expended multiplied by the attorneys' regularly hourly billing rates is $77,769.00. *See* Declaration of David W. Garrison at ¶ 7. Plaintiffs have also incurred expenses totaling more than $2,520.32as of the date of this filing. *Id.* In total, Plaintiffs have incurred a total of $80,289.32 in fees and expenses in this matter. Accordingly, the proposed payment of $75,000.00 for attorneys' fees and expenses would therefore "not produce [a] windfall[]" to Plaintiff's counsel and confirms its reasonableness. *Blum v. Stenson*, 465 U.S. 886, 897 (1984) (citations omitted).

Plaintiffs' counsel's fees are based on hourly rates that are reasonable. Whether an hourly rate is reasonable should be considered in the context of "the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *see also Monroe v. FTS USA, LLC*, No. 2:08-cv-2100, 2014 WL 4472720 at *9 (W.D. Tenn. July 28, 2014) (noting, in the FLSA context, that an attorney's reasonable hourly rate should begin with an assessment of the "prevailing market rate"). The hourly rates billed by each of the attorneys who worked on this case and for whom compensation is sought are reflected in the declaration of undersigned counsel. Declaration of David W. Garrison at ¶ 9.

7

Case 3:20-cv-00147   Document 50   Filed 09/14/20   Page 7 of 10 PageID #: 265

The hourly rates, upon which Plaintiffs' counsel's lodestar is based, are reasonable. Indeed, the hourly rate structure used by Barrett Johnston Martin & Garrison, LLC has been approved by this Court in this very type of litigation. Declaration of David W. Garrison at ¶ 10.

As the Supreme Court has held, "there is a 'strong presumption' that the lodestar figure is reasonable[.]" *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010); *see also Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565 (1986), *supplemented*, 483 U.S. 711 (1987) ("A strong presumption that the lodestar figure—the product of reasonable hours times a reasonable rate—represents a 'reasonable' fee is wholly consistent with the rationale behind the usual fee-shifting statute . . . ."); *McCutcheon*, 2013 WL 4521016, at *1 (citation omitted) ("[T]here is "a 'strong presumption' that the lodestar 'represents a reasonable fee.'"); *Mathis v. Wayne Cty. Bd. of Educ.*, No. 1:09-cv-0034, 2011 WL 3320966, at *8 (M.D. Tenn. Aug. 2, 2011) (Trauger, J), *aff'd*, 496 F. App'x 513 (6th Cir. 2012) ("If the requested fee is essentially in line with the 'lodestar,' then there is a strong presumption that the requested fee is reasonable and recoverable.") (footnote omitted).

Given the reasonableness of Plaintiffs' counsel's hourly rates and hours expended, the strong presumption that the lodestar represents a reasonable fee confirms the reasonableness of the fee request. Therefore, Plaintiff's Counsel respectfully submits the requested fee and expense award is fair and reasonable and should be approved.

### III.    CONCLUSION

For the reasons stated above, Plaintiffs submit that the Court should approve all aspects of the Settlement Agreement as fair and reasonable, and enter the proposed order attached to their Motion approving the settlement and dismissing this case with prejudice.  Defendants agree that the proposed settlement should be approved.

Dated: September 14, 2020                    Respectfully submitted,

<div style="margin-left: 40%;">

/s/ David W. Garrison
**DAVID W. GARRISON (No. 24968)**
**JOSHUA A. FRANK (No. 33294)**
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

*Attorneys for Plaintiffs*

</div>

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of this *Plaintiffs' Memorandum Of Law In Support Of Their Unopposed Motion For Approval Of The Parties' Settlement Agreement And Dismissal With Prejudice* was filed electronically with the Clerk's office by using the CM/ECF system and served on the following counsel for Defendants as listed below via the CM/ECF system on September 14, 2020:

**FRED J. BISSINGER (No. 19671)**
WIMBERLY LAWSON WRIGHT DAVES & JONES
214 Second Avenue North, Suite 3
Nashville, Tennessee 37201
Telephone: (615) 727-1000
fbissinger@wimberlylawson.com

**JEROME D. PINN (No. 017848)**
**EDWARD H. TRENT (No. 030045)**
WIMBERLY LAWSON WRIGHT DAVES & JONES
550 Main Avenue, Suite 900
Knoxville, TN 37901
Telephone: (865) 546-1000
jpinn@wimberlylawson.com
etrent@wimberlylawson.

*Attorneys for Defendants*

                                                              /s/ David W. Garrison
                                                              DAVID W. GARRISON
                                                              **BARRETT JOHNSTON**
                                                                   **MARTIN & GARRISON, LLC**